1  Dale K. Galipo, Esq. (Bar No. 144074)
   dalekgalipo@yahoo.com
2  LAW OFFICES OF DALE K. GALIPO
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California  91367
   Telephone: (818) 347-3333
4  Facsimile: (818) 347-4118

5  *Attorneys for Plaintiff*

6              UNITED STATES DISTRICT COURT

7            NORTHERN DISTRICT OF CALIFORNIA

8

9   Hoang Dang, individually and as          Case No. 5:15-cv-03177-NC
    successor-in-interest to Tracey Lien
10  Tran, deceased,                           *Hon. Magistrate Cousins*
11  Plaintiff,
                                              **FIRST AMENDED COMPLAINT**
12  vs.                                       **FOR DAMAGES**
                                                  **1.** Fourth Amendment—Detention
13  CITY OF SAN JOSE; KEVIN                   and Arrest (42 U.S.C. § 1983)
14  MCMILLIN; and DOES 2-10, inclusive,           **2.** Fourth Amendment—Excessive
                                              Force (42 U.S.C. § 1983)
15  Defendants.                                   **3.** Fourth Amendment—Denial of
                                              Medical Care (42 U.S.C. § 1983)
16                                                **4.** Substantive Due Process (42
17                                            U.S.C. § 1983)
                                                  **5.** Municipal Liability—Ratification
18                                            (42 U.S.C. § 1983)
19                                                **6.** Municipal Liability—Inadequate
                                              Training (42 U.S.C. § 1983)
20                                                **7.** Municipal Liability—
21                                            Unconstitutional Custom, Practice, or
                                              Policy (42 U.S.C. § 1983)
22                                                **8.** False Arrest/False Imprisonment
23                                                **9.** Battery (Wrongful Death)
24                                                **10**. Negligence (Wrongful Death)
                                                  **11.** Violation of Cal. Civil Code §
25                                            52.1
26
27                                            **DEMAND FOR JURY TRIAL**
28

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Hoang Dang, individually and as a successor-in-interest to Tracey Lien Tran, deceased, for his Complaint against Defendants City of San Jose, Kevin McMillin, and Does 2-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved beating and TASING of Plaintiff's mother, Tracey Lien Tran ("DECEDENT"), on May 28, 2014.

## PARTIES

4. At all relevant times, Decedent Tracy Lien Tran was an individual residing in the City of San Jose, California.

5. Plaintiff HOANG DANG ("DANG") is an individual residing in the City of San Jose, California and is the natural mother of DECEDENT.  DANG sues both in his individual capacity as the son of DECEDENT and in a representative

capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. DANG seeks both survival and wrongful death damages under federal and state law.

6.  At all relevant times, Defendant CITY OF SAN JOSE ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Jose Police Department ("SJPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SJPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 2-10.

7. Defendant Kevin McMillin ("MCMILLIN") is a police officer working for the SJPD. MCMILLIN was acting under color of law within the course and scope of his duties as officers for the SJPD at all relevant times.  Also at all relevant times, MCMILLIN was acting with the complete authority and ratification of his principal, Defendant CITY.

8. Defendants DOES 2-5 ("DOE OFFICERS") are police officers for the SJPD. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the SJPD at all relevant times. Also at all relevant times, DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-8 are supervisory officers for the SJPD who were acting under color of law within the course and scope of their duties as officers for the SJPD.  DOES 6-8 were acting with the complete authority and ratification their principal, Defendant CITY.

FIRST AMENDED COMPLAINT

10. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the SJPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SJPD. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

11. On information and belief, DOES 2-10 were residents of the City of San Jose.  In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants SJPD and DOES 6-10.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 2-10 were acting on the implied and actual permission and consent of the CITY.

13. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 2-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff may seek further leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained and new information comes to light. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained

1    of herein.

2        16. DOES 2-10 are sued in their individual capacity.

3                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

4

5        17. Plaintiff DANG repeats and re-alleges each and every allegation in

6    paragraphs 1 through 16 of this Complaint with the same force and effect as if fully

7    set forth herein.

8        18. On May 28, 2014, at Capitol Flea Market, located at 3630 Hillcap Avenue

9    in the City of San Jose and County of Santa Clara, MCMILLIN and DOE

10   OFFICERS wrongfully beat and TASED Tracey Lien Tran, thereby using excessive

11   force against her.  In addition to the damage caused by the TASER applications—at

12   least some of which were applied to Ms. Tran's back when she was facing away from

13   MCMILLIN—Ms. Tran suffered rib fractures and bruises throughout her body.

14   DECEDENT ultimately died from these injuries. The use of deadly force against

15   DECEDENT was excessive and objectively unreasonable under the circumstances,

16   especially because DECEDENT did not pose an immediate threat of death or serious

17   bodily injury to anyone at the time of the TASING and beating.

18       19. Upon information and belief, after being beaten and TASED,

19   DECEDENT was immobile and in obvious and critical need of emergency medical

20   care and treatment.  Defendants did not timely summon medical care or permit

21   medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT

22   caused DECEDENT extreme physical and emotional pain and suffering, and was a

23   contributing cause of DECEDENT's serious injuries.

24       20. Plaintiff DANG was dependent on DECEDENT, to some extent, for the

25   necessities of life.

26       21. Plaintiff DANG is DECEDENT's successor-in-interest as defined in Section

27   377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's

28

1   interest in this action as the natural son of DECEDENT.

2   22. Plaintiff incurred funeral and burial expenses as a result of Defendants'
3   misconduct.

4   23. On November 10, 2014, Plaintiff filed a claim for damages with the City of
5   San Jose.

6   24. On January 8, 2015, the City of San Jose rejected this claim.

7

8   **FIRST CLAIM FOR RELIEF**

9   **Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

10   (Against Defendants MCMILLIN and DOE OFFICERS)

11   25. Plaintiff repeats and re-alleges each and every allegation in
12   paragraphs 1 through 24 of this Complaint with the same force and effect as if fully
13   set forth herein.

14   26. Defendants MCMILLIN and DOE OFFICERS detained DECEDENT
15   without reasonable suspicion and arrested her without probable cause.

16   27. When Defendants MCMILLIN and DOE OFFICERS beat and TASED
17   DECEDENT and placed her in handcuffs, they violated DECEDENT's right to be
18   secure in her person against unreasonable searches and seizures as guaranteed to
19   DECEDENT under the Fourth Amendment to the United States Constitution and
20   applied to state actors by the Fourteenth Amendment.

21   28. The conduct of Defendants MCMILLIN and DOE OFFICERS was willful,
22   wanton, malicious, and done with reckless disregard for the rights and safety of
23   DECEDENT and therefore warrants the imposition of exemplary and punitive
24   damages as to Defendants MCMILLIN and DOE OFFICERS.

25   29. As a result of their misconduct, Defendants MCMILLIN and DOE
26   OFFICERS are liable for DECEDENT's injuries, either because they were integral
27   participants in the wrongful detention and arrest, or because they failed to intervene

28

1   to prevent these violations.

2       30. Plaintiff DANG brings this claim as a successor-in-interest to the

3   DECEDENT, and seeks both survival and wrongful death damages for the violation

4   of DECEDENT's rights. Plaintiff also seeks attorney's fees and funeral and burial

5   expenses.

6               **SECOND CLAIM FOR RELIEF**

7       **Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

8           (Against Defendants MCMILLIN and DOE OFFICERS)

9       31. Plaintiff repeats and re-alleges each and every allegation in

10  paragraphs 1 through 30 of this Complaint with the same force and effect as if fully

11  set forth herein.

12      32. Defendants MCMILLIN and DOE OFFICERS used excessive force

13  against DECEDENT when they beat and Tased her.  Defendants MCMILLIN's and

14  DOE OFFICERS' unjustified beating and TASING deprived DECEDENT of her

15  right to be secure in her person against unreasonable searches and seizures as

16  guaranteed to DECEDENT under the Fourth Amendment to the United States

17  Constitution and applied to state actors by the Fourteenth Amendment.

18      33. As a result of the foregoing, DECEDENT suffered great physical pain

19  and emotional distress up to the time of her death, loss of enjoyment of life, loss of

20  life, and loss of earning capacity.

21      34. The conduct of Defendants MCMILLIN and DOE OFFICERS was

22  willful, wanton, malicious, and done with reckless disregard for the rights and safety

23  of DECEDENT, and therefore warrants the imposition of exemplary and punitive

24  damages as to Defendants MCMILLIN and DOE OFFICERS.

25      35. The TASING was excessive and unreasonable, and DECEDENT posed no

26  immediate threat of death or serious bodily injury at the time of the beating and

27  TASING.  Further, Defendants MCMILLIN's and DOE OFFICERS' TASING and

28

-6-

1  use of force violated their training and standard police officer training.

2     36. Plaintiff brings this claim as a successor-in-interest to the DECEDENT,

3  and seeks both survival and wrongful death damages for the violation of

4  DECEDENT's rights. Plaintiff also seeks attorney's fees.

5

6  **THIRD CLAIM FOR RELIEF**

7  **Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

8  **(Against Defendants MCMILLIN and DOE OFFICERS)**

9     37. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1

10  through 36 of this Complaint with the same force and effect as if fully set forth

11  herein.

12     38. The denial of medical care by Defendants MCMILLIN and DOE

13  OFFICERS deprived DECEDENT of her right to be secure in her person against

14  unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth

15  Amendment to the United States Constitution and applied to state actors by the

16  Fourteenth Amendment.

17     39. As a result of the foregoing, DECEDENT suffered great physical pain and

18  emotional distress up to the time of her death, loss of enjoyment of life, loss of life,

19  and loss of earning capacity.

20     40. Defendants MCMILLIN and DOE OFFICERS knew that failure to provide

21  timely medical treatment to DECEDENT could result in further significant injury or

22  the unnecessary and wanton infliction of pain, but disregarded that serious medical

23  need, causing DECEDENT great bodily harm and death.

24     41. The conduct of MCMILLIN and DOE OFFICERS was willful, wanton,

25  malicious, and done with reckless disregard for the rights and safety of DECEDENT

26  and therefore warrants the imposition of exemplary and punitive damages as to

27  Defendants MCMILLIN and DOE OFFICERS.

28

-7-

42. As a result of their misconduct, Defendants MCMILLIN and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

43. Plaintiff brings this claim as a successor-in-interest to the DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

### (Against Defendants MCMILLIN and DOE OFFICERS)

44.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45.     Plaintiff DANG had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his mother, DECEDENT.

46.     DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

47.     The aforementioned actions of MCMILLIN and DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

FIRST AMENDED COMPLAINT

48.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. MCMILLIN and DOE OFFICERS thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with his familial relationship with DECEDENT.

49.     As a direct and proximate cause of the acts of MCMILLIN and DOE OFFICERS, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

50.     The conduct of MCMILLIN and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants MCMILLIN and DOE OFFICERS.

51.     Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages.  Plaintiff also seeks attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

### (Against Defendants CITY and DOES 6-10)

52.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 51 of this Complaint with the same force and effect as if fully set forth herein.

53.     Defendants MCMILLIN and DOE OFFICERS acted under color of law;

54.     The acts of Defendants MCMILLIN and DOE OFFICERS deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

55.     Upon information and belief, a final policymaker, acting under color of

FIRST AMENDED COMPLAINT

law, who had final policymaking authority concerning the acts of Defendants MCMILLIN and DOE OFFICERS, ratified Defendants MCMILLIN's and DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants MCMILLIN's and DOE OFFICERS' acts.

56.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants MCMILLIN and DOE OFFICERS were "within policy."

57.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

58.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

59.     Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### (Against Defendants CITY and DOES 6-10)

60.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.     Defendants MCMILLIN and DOE OFFICERS acted under color of law.

62.     The acts of Defendants MCMILLIN and DOE OFFICERS deprived

-10-

1 DECEDENT and Plaintiff of their particular rights under the United States

2 Constitution.

3      63.     The training policies of Defendant CITY were not adequate to train its

4 officers to handle the usual and recurring situations with which they must deal.

5      64.     Defendant CITY was deliberately indifferent to the obvious

6 consequences of its failure to train its officers adequately.

7      65.     The failure of Defendant CITY to provide adequate training caused the

8 deprivation of Plaintiff's rights by Defendants MCMILLIN and DOE OFFICERS;

9 that is, Defendants' failure to train is so closely related to the deprivation of the

10 Plaintiff's rights as to be the moving force that caused the ultimate injury.

11      66.     On information and belief, CITY failed to train MCMILLIN and DOE

12 OFFICERS properly and adequately.

13      67.     By reason of the aforementioned acts and omissions, Plaintiff DANG

14 has suffered loss of the love, companionship, affection, comfort, care, society,

15 training, guidance, and past and future support of DECEDENT.  The

16 aforementioned acts and omissions also caused DECEDENT's pain and suffering,

17 loss of enjoyment of life, and death.

18      68.     Accordingly, Defendants CITY and DOES 6-10 each are liable to

19 Plaintiff for compensatory damages under 42 U.S.C. § 1983.

20      69.     Plaintiff brings this claim as a successor-in-interest to DECEDENT,

21 and seeks both survival and wrongful death damages under this claim. Plaintiff also

22 seeks attorney's fees under this claim.

23

24 **SEVENTH CLAIM FOR RELIEF**

25 **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

26 **(Against Defendants CITY and DOES 6-10)**

27      70.     Plaintiff repeats and re-alleges each and every allegation in paragraphs

28

1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.     Defendants MCMILLIN and DOE OFFICERS acted under color of law.

72.     Defendants MCMILLIN and DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

73.     On information and belief, Defendants MCMILLIN and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

74.     Defendants CITY and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

(b)     Providing inadequate training regarding the use of deadly force; Employing and retaining as police officers individuals such as Defendants MCMILLIN and DOE OFFICERS, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants MCMILLIN and DOE OFFICERS, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants MCMILLIN and DOE OFFICERS;

(f)     Failing to adequately discipline CITY police officers, including Defendants MCMILLIN and DOE OFFICERS, for the above-referenced

categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)     Announcing that unjustified TASINGS and beatings are "within policy," including TASINGS and beatings that were later determined in court to be unconstitutional;

(h)     Even where TASINGS and beatings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police TASINGS and beatings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in TASINGS and beatings of unarmed people.

75.   By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

76.   Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge

of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

77. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

78. Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

79. Plaintiff brings this claim individually and as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorneys' fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

### (Against Defendants CITY, MCMILLIN and DOE OFFICERS)

80. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 79 of this Complaint with the same force and effect as if fully set forth herein.

81. Defendants MCMILLIN and DOE OFFICERS, while working as officers for the SJPD and acting within the course and scope of their duties, intentionally deprived DECEDENT of her freedom of movement by use of force,

1  threats of force, menace, fraud, deceit, and unreasonable duress. MCMILLIN and

2  DOE OFFICERS detained DECEDENT without reasonable suspicion and arrested

3  her without probable cause.

4      82.   DECEDENT did not knowingly or voluntarily consent.

5      83.   Defendants MCMILLIN and DOE OFFICERS detained DECEDENT

6  for an appreciable amount of time.

7      84.   The conduct of MCMILLIN and DOE OFFICERS was a substantial

8  factor in causing the harm to DECEDENT.

9      85.   Defendant CITY is vicariously liable for the wrongful acts of

10 Defendants MCMILLIN and DOE OFFICERS pursuant to section 815.2(a) of the

11 California Government Code, which provides that a public entity is liable for the

12 injuries caused by its employees within the scope of the employment if the

13 employee's act would subject him or her to liability.

14     86.   The conduct of MCMILLIN and DOE OFFICERS was malicious,

15 wanton, oppressive, and accomplished with a conscious disregard for the rights of

16 DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages.

17     87.   As a result of their misconduct, Defendants MCMILLIN and DOE

18 OFFICERS are liable for DECEDENT's injuries, either because they were integral

19 participants in the wrongful detention and arrest, or because they failed to intervene

20 to prevent these violations.

21

22                    **NINTH CLAIM FOR RELIEF**

23                          **Battery**

24                      **(Wrongful Death)**

25        **(Against Defendants CITY, MCMILLIN and DOE OFFICERS)**

26     88.   Plaintiff repeats and re-alleges each and every allegation in

27 paragraphs 1 through 87 of this Complaint with the same force and effect as if fully

28

set forth herein.

89.   MCMILLIN and DOE OFFICERS, while working as officers for the SJPD, and acting within the course and scope of their duties, intentionally beat and Tased DECEDENT multiple times, including in the back, and used unreasonable and excessive force against her. As a result of the actions of MCMILLIN and DOE OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from her injuries. MCMILLIN and DOE OFFICERS had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and unprivileged use of force. As a direct and proximate result of the conduct of MCMILLIN and DOE OFFICERS as alleged above, DECEDENT sustained injuries and died from her injuries and also lost her earning capacity. As a direct and proximate result of the conduct of MCMILLIN and DOE OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

91.   CITY is vicariously liable for the wrongful acts of Defendant DOES 1 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.   The conduct of MCMILLIN and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants MCMILLIN and DOE OFFICERS.

93.   Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.

**<u>TENTH CLAIM FOR RELIEF</u>**

**Negligence**

**(Wrongful Death)**

**(Against all Defendants)**

94.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.     Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

96.     Defendants DOES 2-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOES 2-10 were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-TASING and pre-beating negligence;

(c)     the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)     the failure to provide prompt medical care to DECEDENT;

(e)     the failure to properly train and supervise employees, both professional and non-professional, including MCMILLIN and DOE OFFICERS;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)     the negligent handling of evidence and witnesses; and

(h)    the negligent communication of information during the incident.

97.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

98.    CITY is vicariously liable for the wrongful acts of Defendants DOES 2-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

99.    Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks wrongful death damages under this claim.

## **ELEVENTH CLAIM FOR RELIEF**

### **(Violation of Cal. Civil Code § 52.1)**

### **(Against all Defendants)**

100.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

102.    On information and belief, Defendants MCMILLIN and DOE OFFICERS, while working for the CITY and acting within the course and scope of

-18-

FIRST AMENDED COMPLAINT

their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by TASING and beating her without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying her necessary medical care.

103.    When Defendants beat and TASED DECEDENT, they interfered with her civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

104.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising her civil rights, to retaliate against her for invoking such rights, or to prevent her from exercising such rights, which she was fully entitled to enjoy.

105.    On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants MCMILLIN and DOE OFFICERS were intended to discourage her from exercising the above civil rights, to retaliate against her, or invoking such rights, or to prevent her from exercising such rights.

106.    As such, Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

107.    The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

108.    CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

109.    Defendants DOES 6-10 are vicariously liable under California law and

the doctrine of *respondeat superior*.

110.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants MCMILLIN and DOE OFFICERS.

111.    Plaintiff seeks attorney's fees under this claim.

FIRST AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hoang Dang, individually and as a successor-in- interest to Tracey Lien Tran, deceased, requests entry of judgment in her favor and against Defendants City of San Jose, Kevin McMillin, and Does 2-10, inclusive, as follows:

A.   For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For interest;

F.   For reasonable attorneys' fees, including litigation expenses;

G.   For costs of suit; and

H.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  December 14, 2015          LAW OFFICES OF DALE K. GALIPO


By      /s/ Dale K. Galipo
      _____
      Dale K. Galipo
      Attorneys for Plaintiffs

-21-

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff hereby demands a trial by jury.

3

4    DATED:  December 14, 2015        LAW OFFICES OF DALE K. GALIPO

5

6

7

8                                        By     /S/ Dale K. Galipo

9                                            Dale K. Galipo
                                             Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28